## ANTONGIORGI *v.* THE REGISTRAR OF PROPERTY.

### APPEAL from a decision of the Registrar of Property of San Germán.

#### No. 5.—Decided May 6, 1904.

CITIZENSHIP PAPERS—Citizenship papers of the United States having been issued by the Supreme Court of a State (New York), and the same being authenticated by the clerk and seal of said court, said document does not need any other requirement to be admissible as genuine and valid, both in and out of court, in all the States and Territories of the Union.

PRIVATE INTERNATIONAL LAW—PERSONAL STATUS.—It is a principle of private international law, admitted by the decisions of the courts and especially sanctioned by article 9 of the Civil Code, that the personal law relating to the individual is that of the country to which he belongs, which follows him wherever he may go and, regulates his personal rights, his capacity to convey property by acts *inter vivos* or *causa mortis*, and the government of marriage and the family.

ID.—CONJUGAL PARTNERSHIP—COMMUNITY PROPERTY—ALIENATION OF REAL PROPERTY.—Applying the foregoing doctrine, a citizen of any State, where the system of community property has not been established, has perfect capacity in Porto Rico to execute a contract of purchase and sale of a rural estate constituting his private property, and no law or provision in force in this Island relative to the alienation of real property is thereby violated.

LAWS RELATIVE TO THE FAMILY AND TO PERSONS—FOREIGN CITIZENS AND CITIZENS OF PORTO RICO.—Laws relating to family rights and obligations, or to the status, condition and legal capacity of persons, are binding upon the citizens of Porto Rico, although they reside in a foreign country, and this provision of the Civil Code is applicable, by analogy, to the citizens of any State residing permanently or temporarily in Porto Rico.

EXPOSICIÓN DEL CASO.

*Visto* el presente recurso gubernativo interpuesto por el Abogado Don Ramón Falcón á nombre de Don Francisco Antongiorgi contra nota denegatoria del Registrador de la propiedad de San Germán, á inscribir una escritura de venta de finca rústica.

*Resultando*: que por escritura pública otorgada en 21 de Enero último, en la ciudad de Mayagüez, ante el Notario D. R. Ulpiano Colón, Abogado y Notario con vecindad y estudio abierto en la ciudad de Ponce, Don Felipe Cuevas y Arredondo, viudo, mayor de edad, agricultor y propietario de aquella vecindad, vendió á Don Francisco Antongiorgi y Franceschi, por su propio derecho, y como apoderado de su Sra. madre, Doña María de los Angeles Franceschi y Rodríguez, una hacienda de cañas de azúcar de su propiedad nombrada "Carmelita," radicada en el barrio de la Bajura, del término municipal de Cabo Rojo, por el precio y con las condiciones que en la misma escritura se determinan, y en la que se hizo constar además por el vendedor la manifestación siguiente: "Quinto: Hácese constar por el Sr. Cuevas, que al adquirir esa finca estaba casado en primeras nupcias con Mrs. Sarah Jane Willis, la que como él eran ciudadanos de América, del Estado de New York, donde residían, contrayendo el matrimonio en la ciudad de Brooklyn, cuya Sra. falleció sin dejar sucesión, ni bienes de ninguna clase, ya que adquirida la repetida finca, exclusivamente por el exponente, á cuyo nombre figura el título, le correspondía como correspondió el pleno dominio de la misma, según las leyes de aquel Estado, en que no existe, como en este país, la sociedad legal de gananciales, correspondiendo privativamente á cada cónyuge lo que adquiere en su nombre, siendo por otra parte el dinero con que adquirió la finca, extraño en absoluto al matrimonio y sí de la exclusiva pertenencia del Sr. Cuevas: Que posteriormente contrajo segundo matrimonio con Doña Josefa Padilla, aportando á él la misma finca, como bien par-

STATEMENT OF THE CASE.

A hearing was had of the present administrative appeal taken by Attorney Ramón Falcón, on behalf of Francisco Antongiorgi, from a decision of the registrar of property of San Germán refusing to admit a deed of sale of a rural estate to record.

By a public deed executed on the 21st of January last in the city of Mayagüez, before Notary D. R. Ulpiano Colón, a lawyer and notary residing and having an office in the city of Ponce, Felipe Cuevas y Arredondo, a widower, of legal age, agriculturalist and property owner of that locality, sold to Francisco Antongiorgi y Franceschi, in his own right and as the attorney in fact of his mother, María de los Angeles Franceschi y Rodríguez, a sugar plantation known as "Carmelita," situated in *barrio* 'Bajura,' municipal district of Cabo Rojo, for the sum and under the conditions specified in said deed, in which the following statement was caused to be inserted by the vendor: "Fifth: The statement is made by Mr. Cuevas that at the time of the purchase of said estate he was married in first nuptials to Mrs. Sarah Jane Willis, who, like himself, was a citizen of America and of the State of New York, where they resided, the marriage having been contracted in the city of Brooklyn. Said lady died without leaving estate or property of any description, inasmuch as said estate having been acquired exclusively by the declarant, in whose name the title appears, the full ownership thereof became and was vested in him according to the laws of that State, where the conjugal partnership does not exist as in this country, but the property belongs privately to each spouse who acquires it in his or her name, the money, on the other hand, with which the estate was purchased being absolutely foreign to the marriage, and belonging exclusively to Mr. Cuevas. That subsequently he contracted a second marriage with Josefa Padilla, and contributed thereto the said estate as the private property of the said Cuevas, and

ticular del propio Sr. Cuevas, no correspondiendo por tanto en esa finca nada á la sucesión de esa segunda esposa, que falleció en once de Setiembre de mil novecientos uno, como todo lo justificará oportunamente, para que este documento pueda ser regularmente inscrito en el Registro de la Propiedad'del Partido.'' y que presentada dicha escritura en el Registro de la Propiedad de San Germán, para su inscripción, le fué denegada por el Registrador por los fundamentos de la nota que puso al pie de la misma, y que copiada á la letra dice así: ''No admitida la inscripción del precedente documento, cuya calificación se ha hecho con vista de otros, porque habiendo adquirido el Sr. Cuevas la finca objeto del contrato, por título oneroso y siendo casado, no puede venderla por sí, como lo hace siendo viudo, según las leyes de Puerto Rico, únicas aplicables al caso; y porque aún cuando hubieran de aplicarse las leyes del Estado de New York que el enajenante invoca, la carta de ciudadanía americana que se acompaña, no se halla legalizada; y siendo dichos defectos insubsanables, se toma anotación preventiva por ciento veinte días al folio 139 del tomo 12 del Ayuntamiento de Cabo Rojo, finca núm. 346 triplicado, anotación letra B, á tenor de lo dispuesto en la sección 7, de la Ley de la Asamblea de 1 de Marzo de 1902.—San Germán, Febrero 15 de 1904. Dr. Joaquin Servera Silva. Hay un sello de Rentas Internas por valor de cincuenta centavos. Hors: treinta y siete pesos.—Núms. 1 y 7 del Arancel.''

*Resultando* que contra esta nota ha interpuesto en tiempo el presente recurso gubernativo ante este Tribunal Supremo el Abogado Don Ramón Falcón, á nombre del interesado Don Francisco Antongiorgi, en solicitud de que se revoque dicha nota, y se ordene al Registrador que proceda á la inscripción de la escritura.

Abogado del recurrente: *Sr. Falcón.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

that therefore no part of said estate belongs to the succession of said second wife, who died on September 11, 1901, all of which he will duly prove so as to entitle this document to be regularly recorded in the Registry of Property of the district;'' and that said deed having been presented for record in the Registry of Property of San Germán, the same was refused by the registrar on the grounds set forth in the memorandum placed at the foot thereof, and which reads as follows: ''The foregoing document, the classification of which has been made in view of other documents, is not admitted to record because the estate forming the subject-matter of the contract having been acquired by Mr. Cuevas for a valuable consideration, and while married, he cannot, according to the laws of Porto Rico, which are alone applicable to the case, sell it by himself as he does while a widower; and because, even though the laws of the State of New York invoked by the alienor should be applied, the American naturalization papers which he includes are not authenticated; and said defects being incurable, cautionary notice is entered for one hundred and twenty days at folio 139 of book 12 of the municipality of Cabo Rojo, estate 346, triplicate, entry letter B, in accordance with the provisions of section 7 of the act of the Legislative Assembly of March 1, 1902. San Germán, February 15, 1904. Dr. Joaquín Servera Silva. There is an internal revenue stamp for the sum of fifty cents. Fees, thirty-seven dollars. Nos. 1 and 7 of the schedule.''

From this decision Attorney Ramón Falcón, on behalf of the interested party, Francisco Antongiorgi, took an appeal peal to this court, praying that said decision be reversed, and that the registrar be ordered to admit the deed to record.

*Mr. Falcón*, for appellant.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

*Considerando* que expedido, como lo ha sido, el título de
ciudadanía de los Estados Unidos á favor de Don Felipe
Cuevas y Arredondo por la Corte Suprema del Estado de
New York y autorizado como está dicho título por el Secre-
tario de la Corte y el sello del Tribunal, no necesita dicho
documento de ningún otro requisito para que deba ser
admitido como auténtico y eficaz en juicio, y fuera de él; en
todos los Estados y Territorios de la Unión.

*Considerando* por tanto que debiendo estimarse probada
la cualidad que ostenta Don Felipe Cuevas y Arredondo, en
la escritura de compra venta de que se trata, de ciudadano
del Estado de New York, donde no se conoce la sociedad legal
de gananciales, no puede negársele la capacidad para otor-
gar el referido contrato de compra-venta de una finca rústica,
de su propiedad particular, con tanto mayor motivo cuanto
que por dicho contrato no se infringe ley ni precepto alguno
vigente en esta isla relativo á la enajenación de bienes in-
muebles; todo con arreglo á los principios del derecho inter-
nacional privado según los que la ley personal del individuo
es la del país á que pertenece, la que le sigue donde quiera
que se traslade regulando sus derechos personales, su capa-
cidad para trasmitir por actos *inter vivos* y *mortis causa* y
el regimen de su matrimonio y familia; principio admitido
por la jurisprudencia de los Tribunales y especialmente san-
cionado por el art. 9. del Código Civil vigente, al disponer que
"las leyes relativas á los derechos y deberes de familia ó del
estado, condición y capacidad legal de las personas, obligan
á los ciudadanos de Puerto Rico, aunque residan en paises ex-
tranjeros;" precepto que por analogía de razón es aplicable
á los ciudadanos de cualquier Estado, residentes, habitual
ó temporalmente, en esta Isla.

*Considerando* que según esto no existen en el caso que se
ventila los defectos insubsanables en que se funda el Regis-
trador de la Propiedad de San Germán, para denegar la ins-
cripción de la escritura de que se trata.

United States citizenship papers having been issued in favor of Felipe Cuevas y Arredondo by the Supreme Court of the State of New York, and said papers having been authenticated by the clerk and the seal of the court, said document does not need any other requirement to render it admissible as genuine and valid in and out of court in all the States and Territories of the Union.

Inasmuch, therefore, as the character claimed by Felipe Cuevas y Arredondo in the deed of purchase and sale in question as a citizen of the State of New York, where the system of community property is unknown, must be considered as proven, his capacity to execute the said contract of purchase and sale of a rural estate constituting his private property cannot be denied, and by a stronger reason inasmuch as said contract does not violate any law or provision in force in this Island relative to the alienation of real property. This is all in consonance with the principles of private international law, according to which the personal law relating to the individual is that of the country to which he belongs, which follows him wherever he goes and regulates his personal rights, his capacity to convey by acts *inter vivos* and *causa mortis,* and the government of marriage and the family. This principle is admitted by the decisions of the courts, and is especially sanctioned by article 9 of the Civil Code in force in providing that ''The laws relating to family rights and obligations, or to the status, condition and legal capacity of the persons, shall be binding upon the citizens of Porto Rico, although they reside in a foreign country,'' which principle, by a parity of reasoning, is applicable to the citizens of any State residing permanently or temporarily in this Island.

According to this, the incurable defects relied upon by the registrar of property of San Germán for refusing to admit to record the deed in question do not exist in the case at bar.

*Vistos* el art. citado del Código Civil, y los 65 y 66 de la Ley Hipotecaria y 110 del Reglamento dictado para su ejecución.

Se revoca la nota puesta por el Registrador de la Propiedad de San Germán al pie de la escritura que es objeto del presente recurso y se declara que dicha escritura es inscribible en el Registro de la Propiedad; y con devolucion de la misma y demás documentos presentados remítase al Registrador de la propiedad de San Germán con copia certificada de la presente resolución para su conocimiento y demas efectos legales que procedan.

Jueces concurrentes: Sres. Hernández, Figueras y Sulzbacher.

El Juez Asociado Sr. MacLeary no intervino en la resolución de este caso.

---

## Ex Parte San Felix.

Apelación procedente de la Corte de Distrito de San Juan.

No. 104.—Resuelto en Mayo 12, 1904.

Dominio—Título—Prescripción.—Es requisito indispensable para la adquisición del dominio de los inmuebles por la prescripción ordinaria, expresar, y probar en todo caso, el título con que se posea, determinándolo especialmente, á fin de que el Tribunal pueda apreciar si es ó no justo, á los efectos de la prescripción.

Id.—Posesión para Adquirir.—La posesión por seis años ó más, es la que se requiere para arquirir por prescripción el dominio de los inmuebles.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal del Distrito de San Juan á instancia del abogado Don Santigo B. Palmer, en representación de Don Manuel Sanfeliz, sobre declaratoria de dominio de una finca rústica; pendientes ante Nos. á virtud del recurso de apelación interpuesto por la representación del

Having examined the article cited of the Civil Code, and articles 65 and 66 of the Mortgage Law, and article 110 of the Regulations for the execution thereof, the decision appended by the registrar of property of San Germán to the bottom of the deed involved in the present appeal is reversed, and it is adjudged that said deed is entitled to record in the Registry of Property. The said deed and other documents presented are ordered to be returned to the registrar of property of San Germán, together with a certified copy of the present decision, for his information and other proper legal purposes.

Justices Hernández, Figueras and Sulzbacher concurred.

Mr. Justice MacLeary did not take part in the decision of this case.